UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No. 19-cv-06663 (JS)(SIL)

---

CHRISTIAN KILLORAN, on behalf of his son, A.K., CHRISTIAN KILLORAN, and TERRIE KILLORAN

                                                  Plaintiffs,

-against-

WESTHAMPTON BEACH SCHOOL DISTRICT, MICHAEL RADDAY, as Superintendent, SUSANNE MENSCH, JAMES JULME, JOYCE DONNESON, AND HALSEY C. STEVENS, as Board of Education Members

                                                  Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

---

                                      Devitt Spellman Barrett, LLP
                                      50 Route 111, Ste 314
                                      Smithtown, NY 11787
                                      (631) 724-8833

By: Scott J. Kreppein, Counsel

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ................................................................................................1

FACTS ..............................................................................................................................................1

DISCUSSION ...................................................................................................................................3

I.  PLAINTIFF MUST ALLEGE PLAUSIBLE FACTUAL ALLEGATIONS TO
SURVIVE A RULE 12(B)(6) MOTION .........................................................................................3

II. PLAINTIFF HAS FAILED TO PLEAD A PLAUSIBLE EQUAL PROTECTION
CLAIM ..............................................................................................................................................4

 A. Plaintiffs' Claim that AK Was Treated Differently From All
Other Students From the Same Elementary School Fails to State A
Cause of Action ..................................................................................................................8

 B. Plaintiffs' Claim That They Were Treated Differently Than All
Other Special Education Students Regarding the Conduct of AK's
Initial CSE Meeting With Westhampton Beach Fails to State a Cause
of Action .............................................................................................................................9

 C. Plaintiff's Claim Regarding the School District Using Its
"Resources" For a Group of Younger Students But Not AK Fails to
State a Cause of Action .....................................................................................................11

III. CHRISTIAN AND TERRIE KILLORAN HAVE NOT ASSERTED INDIVIDUAL
CLAIMS, AND HAVE NOT PROVIDED A FACTUAL BASIS FOR THEIR CLAIMS
AGAINST THE INDIVIDUAL DEFENDANTS ..........................................................................12

CONCLUSION ...............................................................................................................................12

**TABLE OF AUTHORITIES**

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)...................................................................................4

Baxstrom v. Herold, 383 U.S. 107 (1966) ..............................................................................4

Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356 (2001).....................................5

Bizzarro v. Miranda, 394 F.3d 82 (2d Cir. 2005) ...................................................................6

C.K. v. Bd. of Educ. of the Westhampton Beach Sch. Dist., 185 F. Supp. 3d 317 (E.D.N.Y. 2016)....................................................................................................................2

Casciani v. Nesbitt, 392 F. App'x 887 (2d Cir. 2010)..............................................................5

Cobb v. Pozzi, 363 F.3d 89 (2d Cir. 2004) .............................................................................5

Engquist v. Oregon Dep't of Agr., 553 U.S. 591 (2008) .....................................................5, 7

Green v. Semple, 811 F. App'x 706 (2d Cir. 2020) ................................................................6

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) ............................................................................4

Hayes v. Missouri, 120 U.S. 68 (1887)...................................................................................5

Hu v. City of New York, 927 F.3d 81 (2d Cir. 2019)............................................................5, 6

LeClair v. Saunders, 627 F.2d 606 (2d Cir. 1980)..............................................................5, 6

Lilakos v. New York City, 808 F. App'x 4 (2d Cir. 2020) .......................................................4

Ruston v. Town of Skaneateles, 610 F.3d 55 (2d. Cir. 2010)..................................................6

Sira v. Morton, 380 F.3d 57 (2d Cir. 2004) ............................................................................4

Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (1977) .........................5

Village of Willowbrook v. Olech, 528 U.S. 562 (2000)...........................................................6

Zahra v. Town of Southold, 48 F.3d 674 (2d Cir.1995) ..........................................................5

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure................................................................ 3

**Constitutional Provisions**

U.S. Const. Amend. XIV, § 1 .............................................................................................. 4, 7

Defendants, by their undersigned counsel, respectfully submit the following memorandum of law:

**SUMMARY OF THE ARGUMENT**

Plaintiffs have failed to plead an equal protection claim. The allegations in this complaint, although rephrased, are substantially the same as prior complaints that have been dismissed for failure to state a claim. Plaintiffs have not alleged any proposed comparators who were treated differently under *prima facie* identical circumstances, but have instead described proposed comparators who did not share Plaintiff AK's unique circumstances. The complaint fails to state a claim that AK was intentionally treated differently than all other students who were enrolled because, aside from a lack of factual allegations, Plaintiff did not request enrollment in the same manner as every other student. The complaint fails to state a claim that AK was intentionally treated differently than all other special education students with respect to the conduct of his October 2016 CSE meeting, as each meeting is unique, and Plaintiffs had and availed themselves of the same statutory protections under the Individuals with Disabilities in Education Act, [20 U.S.C. § 1400 *et seq.*](#) ("IDEA") that are available to other special education students. The complaint fails to state a claim that Plaintiff was intentionally treated differently with respect to how the school utilizes its "resources," as this argument merely reiterates Plaintiff's IDEA claims that were previously rejected both administratively and by this Court, and is not based upon disparity in treatment under similar circumstances but instead seeks individualized treatment under unique circumstances.

**FACTS**

This action is among a series of lawsuits Plaintiffs have brought against Defendants alleging, in general, that the Defendant School District has acted unlawfully in connection with its

Committee on Special Education offering and recommending that Plaintiff A.K. attend a special education class in another nearby district, notwithstanding his parents' strong preference that he attend Westhampton Beach Middle School and High School. See generally ; A.K. v. Westhampton Beach Sch. Dist., No. 17-CV-0866(JS)(SIL), 2019 WL 4736969, at *17 (E.D.N.Y. Sept. 27, 2019). Plaintiffs have attempted to amend this complaint to assert a claim under 42 U.S.C. § 1983 alleging a violation of the Equal Protection Clause of the Fourteenth Amendment, where several prior claims under this theory arising from the same facts and circumstances have been dismissed without prejudice. See, e.g. Id; Killoran on behalf of A.K. v. Westhampton Beach Sch. Dist., No. 18-CV-3389 (JS)(SIL), 2020 WL 1325572, at *10 (E.D.N.Y. Feb. 12, 2020), report and recommendation adopted 2020 WL 1433647 (E.D.N.Y. Mar. 11, 2020); Killoran v. Westhampton Beach UFSD, No. 19-CV-3298 (JS)(SIL), 2020 WL 4740498, at *11 (E.D.N.Y. June 24, 2020), report and recommendation adopted, No. 2.19-CV-03298, 2020 WL 4743189 (E.D.N.Y. July 27, 2020); Killoran on behalf of A.K. v. Westhampton Beach Sch. Dist., No. 19-CV-6663(JS)(SIL), 2021 WL 1146078 (E.D.N.Y. Mar. 25, 2021)("in amending their claim, Plaintiffs must provide non-conclusory allegations demonstrating how the alleged comparators are similarly situated to A.K. but were treated differently.")

In this Amended Complaint, Plaintiffs allege that this is a "class of one" claim, based upon disparate treatment of an individual with "no specific class membership." (Amended Complaint, annexed hereto as **Exhibit "A,"** ¶ 9). Plaintiffs claim that A.K. was treated differently from three groups of comparators consisting of:

> A. **All other students from the same elementary school**. Plaintiffs claim that proposed comparators consisting of "all of the other graduates of the Remsenburg-Speonk Elementary School," both "typical" and "non-typical," who had a "choice to enroll in the defendant school district or the Eastport South Manor School District," were treated more favorably than A.K. based upon

2

    Defendants allegedly "denying" A.K.'s enrollment for the 2015-2016 school year and delaying it for the 2016-2017 school year, which is also the basis of Plaintiffs' pending discrimination claims under Docket No. 17-cv-0866.  (Id., ¶¶10 -12, 15, 26, 71 - 77).

B. **All other special education students who have been enrolled in the Westhampton Beach Union Free School District.**  Plaintiffs claim that, once enrolled, AK was then treated differently than all other special education students who had been enrolled in the school dsitrict based upon an October 2016 CSE meeting where Plaintiffs claim the CSE "pre-determined" A.K.'s educational placement. (Id., ¶¶ 10 -12, 71 - 77).

C. **Four younger students for whom a special education class was available at Westhampton Beach Middle School**.  Plaintiffs allege that four younger special education students, three of whom also have Downs Syndrome -- who are attending a special education class within Westhampton Beach Middle School that was not available when Plaintiff enrolled and for which Plaintiff is now too old to join – were treated more favorably than AK. (Id., ¶¶ 87 – 119). Plaintiffs are "not arguing for [A.K.'s] inclusion in their class, but rather that the School District is "beholden to apply [its] special education resources to Plaintiff, A.K., in the same manner as applied to those 'alternatively assessed special education students' younger than him," which he argues may consist of "a number of alternative education formats, including education within a general education class with the support of a special education co-teacher." (Id., ¶¶ 87 and 92).

**DISCUSSION**

    I.    <u>**PLAINTIFF MUST ALLEGE PLAUSIBLE FACTUAL ALLEGATIONS TO SURVIVE A RULE 12(B)(6) MOTION**</u>

    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and thus to survive a motion to dismiss a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009)(internal quotation marks omitted).  The complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements," are not sufficient. Id.  The Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Where questions of intent are at issue, the complaint must contain "factual allegation sufficient to plausibly suggest . . . state of mind." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In the context of an equal protection claim, conclusory allegations of similarity with a proposed comparator are insufficient, and a plaintiff must plead "specific facts showing that the comparators are similar in relevant respects." Lilakos v. New York City, 808 F. App'x 4, 8–9 (2d Cir. 2020).

## II. PLAINTIFF HAS FAILED TO PLEAD A PLAUSIBLE EQUAL PROTECTION CLAIM

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made." Baxstrom v. Herold, 383 U.S. 107, 111 (1966).  Broadly, it requires that "persons subjected to legislation shall be treated alike, under like circumstances and conditions, both in the privileges

4

conferred and in the liabilities imposed." Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 602 (2008)(internal ellipses omitted) citing Hayes v. Missouri, 120 U.S. 68, 71–72 (1887).

Persons with disabilities are protected by various statutes and regulations, but are not considered a protected class under the Fourteenth Amendment. Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 367-368 (2001). One such statutory protection, relevant here, is the right to a "free appropriate public education" under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"), but that right is "too complex to be captured by the word 'equal,' whether one is speaking of opportunities or services." Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley, 458 U.S. 176, 199 (1982).

Claims such as these that are based upon a person's individual circumstances, rather than membership in a constitutionally protected class, venture into a particularly "murky corner" of equal protection jurisprudence. Hu v. City of New York, 927 F.3d 81, 91 (2d Cir. 2019); LeClair v. Saunders, 627 F.2d 606, 608 (2d Cir. 1980). To assert such a claim, a party must show that they were "treated differently than other persons who were similarly situated and that such differential treatment was either without rational basis (a 'class of one' claim) or was motivated by an intent to discriminate on an impermissible basis (a selective enforcement claim)." Casciani v. Nesbitt, 392 F. App'x 887, 888 (2d Cir. 2010) citing Cobb v. Pozzi, 363 F.3d 89, 110 (2d Cir.2004) (describing the elements of "class of one" claim) and Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir.1995) (describing the elements of selective enforcement claim). See also Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977)("Proof of [unlawful] intent or purpose is required to show a violation of the Equal Protection Clause").

To assert a "class of one" or similar equal protection claim, a person must plead facts plausibly showing that they were "intentionally treated differently from others similarly situated

5

and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Where there are sufficient factual allegations to suggest that the difference in treatment was based upon "protected status (e.g., race or a constitutionally-protected activity)" or "personal malice or ill will," a proposed comparator will be considered substantially similar if their circumstances bear "reasonably close resemblance" to the circumstances of the person asserting the claim. Hu v. City of New York, 927 F.3d 81, 91 and 99 (2d Cir. 2019) citing LeClair v. Saunders, 627 F.2d 606, 608 (2d Cir. 1980).  See also Bizzarro v. Miranda, 394 F.3d 82, 87 (2d Cir. 2005).

    In the absence of independent factual allegations suggesting unlawful intent or a claim based upon membership in a protected class, similarity to the proposed comparators alone will only be sufficient to infer unlawful intent where the disparate treatment occurred under prima-facie identical circumstances.  In such cases, the "existence of highly similar circumstances" by itself "provides the basis for inferring that the [plaintiff] was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." Hu v. City of New York, 927 F.3d 81, 92 (2d Cir. 2019).  However, to assert such a claim, a plaintiff must demonstrate that the proposed comparator's circumstances are "*prima facie* identical by showing that (i) no rational person could regard the circumstances of the [the plaintiff] to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." Hu v. City of New York, 927 F.3d 81, 92 (2d Cir. 2019). See also Green v. Semple, 811 F. App'x 706, 707 (2d Cir. 2020); Ruston v. Town of Skaneateles, 610 F.3d 55, 59 (2d. Cir. 2010)(comparator must have an "extremely high

6

degree of similarity" where that similarity is the only basis for the alleged Equal Protection Clause violation).

Similarity alone cannot support a claim in situations that "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments," and thus under those circumstances an Equal Protection Clause claim can only be brought if it involves a protected status or other facts to support an inference of malice.  Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 603 (2008).  An inference of intent cannot be drawn based upon similarity alone where the governmental decision at issue involves "exercising discretionary authority based on subjective, individualized determinations" because such situations are so individualized that there is no "clear standard against which departures, even for a single [person], could be readily assessed." Engquist, 553 U.S., at 602.

Here, each of Plaintiffs' three classes of proposed comparators fails to state a claim and, although rewritten, are substantially the same as the proposed causes of action that have previously been dismissed for failure to state a claim.  AK took a unique path towards requesting enrollment, and thus is not similar to the other students who were ministerially enrolled via their elementary schools sending enrollment packets to WHB; every CSE meeting is unique, individualized, and subject to review through an administrative framework, such that Plaintiff cannot claim that a procedural issue during one such meeting violates the Equal Protection Clause; and Plaintiffs' arguments that the school district should cede to their requests to take creative measures to accommodate their location preference, even if not required under the IDEA, because it later formed a special education class for a group of other disabled students under different circumstances is more of a plea to general equity than an argument under the Equal Protection Clause.

7

### A. Plaintiffs' Claim that AK Was Treated Differently From All Other Students From the Same Elementary School Fails to State A Cause of Action

Plaintiffs' equal protection claim based upon every other student from the same elementary school who was enrolled in Westhampton Beach is substantially the same as the claim that was previously dismissed alleging that AK was "the only child, including all special education children, to ever have his basic enrollment rights denied by Defendants." A.K. v. Westhampton Beach Sch. Dist., No. 17-CV-0866(JS)(SIL), 2019 WL 4736969, at *17 (E.D.N.Y. Sept. 27, 2019)

Plaintiffs' complaint fails to contain factual allegations regarding how they were allegedly treated differently regarding enrollment despite circumstances that were identical to all other students. Specifically, Plaintiffs observe that the enrollment process is a "ministerial function," but fail to allege that they followed the same ministerial procedures as their proposed comparators. (Complaint**, Exhibit "A,"** 33). Plaintiffs allege that enrollment was refused or denied, but fail to make any allegations as to how or when enrollment was requested or denied.

The Remsenberg-Speonk School District consists of a single elementary school, which contracts with two neighboring school districts for middle and high school. (Amended Complaint, **Exhibit "A," ¶¶** 15 -16). In the 2016 administrative decision from IHO Lederman finding that Defendants were compelled to enroll Plaintiff AK, referenced at Paragraph 19 of the Amended Complaint, the hearing officer explained that, in practice, enrollment between the two potential receiving districts was a matter of "parental choice," and if "a child had an IEP and was requiring a program offered in Westhampton Beach and the parent wanted to go there, the child was enrolled in Westhampton Beach; if they wanted to go to Eastport-South Manor, they would do that." (2016 IHO Lederman Decision, annexed hereto as Exhibit "**B**," Pg. 6). Plaintiffs' situation, however, presented a third scenario, where the student's IEP recommended a program at Eastport-South Manor but the parents wanted the student to attend Westhampton Beach. (Id., Pgs. 8 – 9). This

8

situation was "unique," "unusual," and something that had "never been sought" before. (Id., Pgs. 9 – 11). In the context of an administrative settlement, AK remained enrolled in Remsenburg for 2015-2016 rather than having another school district take over his CSE, and Remsenberg agreed to modify his IEP, but the communications between the school districts and the parties continued to focus on placement rather than enrollment, and then Remsenberg again recommended Eastport South Manor for 2016-2017, prompting a further dispute. Id.

Unlike other students who are enrolled each year through the ordinary process between the sending and receiving district, in Plaintiffs' case there had "never been a conversation about enrollment versus placement" until shortly before the administrative hearing in September 2016 related to the 2016-2017 school year. (Exhibit "**B**," Pg. 11). As Superintendent Radday explained during his deposition testimony in the 2017 action, referred to at Paragraph 59 of this Complaint, Westhampton Beach did not actually receive an enrollment packet for Plaintiff AK until "winter of 2016." (Radday Dep., **Exhibit "C,"** Pg. 15).

Accordingly, Plaintiffs' complaint has failed to plausibly allege that AK was treated differently than any proposed comparator under prima-facie identical circumstances related to enrollment. Rather, the manner in which Plaintiff's enrollment was requested and the surrounding circumstances were unique.

      **B.**    **Plaintiffs' Claim That They Were Treated Differently Than All Other Special Education Students Regarding the Conduct of AK's Initial CSE Meeting With Westhampton Beach Fails to State a Cause of Action**

Plaintiffs' allegation that AK was denied equal protection based upon a procedural IDEA violation during his initial CSE meeting with Westhampton Beach does not allege a valid comparator under *prima facie* identical circumstances or allege that a "constitutional violation occurred 'outside the scope of the IDEA." Killoran on behalf of A.K. v. Westhampton Beach Sch.

Dist., No. 19-CV-6663(JS)(SIL), 2021 WL 1146078, at *6 (E.D.N.Y. Mar. 25, 2021) citing A.K. v. Westhampton Beach Sch. Dist., No. 17-CV-0866(JS)(SIL), 2019 WL 4736969, at *16 (E.D.N.Y. Sept. 27, 2019)

The argument that all special education students are similarly situated with respect to their rights under the IDEA would turn every IDEA claim – and indeed, every claim involving any statutory right – into an equal protection claim. The conduct of a CSE in developing an Individualized Education Plan is, necessarily and inherently, individualized. As such, a claim that one student's CSE was conducted differently than others – particularly when alleged in a broad conclusory fashion – cannot form the basis of an equal protection claim. See Engquist, 553 U.S. 591, 602 (2008). Beyond this, Plaintiffs did receive equal protection of the laws with respect to their procedural rights under the IDEA, and availed themselves of those rights through the administrative process pursuant to which any procedural deficiencies can be and were remedied, with AK's resulting IEPs being upheld following extensive review at both the administrative level and by this Court. (See Report and Recommendation, 17-cv-00866(GRB)(SIL), Docket Entry 114).

Moreover, Plaintiff has not claimed that AK was treated less favorably than prior special education students, but has instead argued that the school district had a "reflexive policy of 'outsourcing'… every single 'alternatively assessed special education student' that has ever come before." (Complaint, **Exhibit "A,"** ¶ 58). Plaintiff has not identified another student who was treated more favorably under identical circumstances, nor is raising a constitutional claim that is distinct from the arguments that are within the scope of what is already protected and redressable under the IDEA.

### C. Plaintiff's Claim Regarding the School District Using Its "Resources" For a Group of Younger Students But Not AK Fails to State a Cause of Action

The Court previously found that these "alleged comparator students are not 'similarly situated' to A.K. because, unlike A.K., they fall within the state-imposed age restrictions placed upon the class." Killoran on behalf of A.K. v. Westhampton Beach Sch. Dist., No. 19-CV-6663(JS)(SIL), 2021 WL 1146078, at *7 (E.D.N.Y. Mar. 25, 2021). Now, Plaintiffs have modified their allegations slightly to allege that they are not claiming that AK was deprived of equal protection by not being allowed to attend this class, but rather was deprived of equal protection through the school district having a class available for this group of students but not adopting one of the "alternative educational formats" requested by Plaintiffs with respect to AK.

AK's circumstances are not *prima facie* identical to this small group, nor is he requesting the same treatment. The school district forming a special education class to meet the needs of at least two students from its elementary school who were moving up to middle school, plus one and now two others from other sending districts, is entirely different than one student's parents asking the school to adopt a creative solution that deviates from the school's obligations under the IDEA so as to accommodate their location preference.

Plaintiffs' claim is merely an attempt to reargue AK's placement recommendation, rather than asserting a separate claim that is distinct from their IDEA claims. Plaintiffs arguments that the school district was obligated to adopt one of their proposed "alternative education formats" has been repeatedly rejected administratively, and that determination has been upheld by this Court, explaining that the "CSE thoroughly reviewed all available evaluations, records, consultant reports and the input of CSE meeting participants to determine that A.K.'s needs could not be met in-District, and in turn provided the Parents with options that provided A.K. with a FAPE in neighboring districts." (See Report and Recommendation, 17-cv-00866(GRB)(SIL), Docket Entry

11

114, Pg. 41). The Equal Protection Clause creates a constitutional right that protects against a specific type of governmental misconduct; it is not a catchall for general equitable arguments, nor is it a basis to expand rights and benefits that are created by statute beyond what is provided for under the applicable laws and regulations.

    III.    **CHRISTIAN AND TERRIE KILLORAN HAVE NOT ASSERTED INDIVIDUAL CLAIMS, AND HAVE NOT PROVIDED A FACTUAL BASIS FOR THEIR CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

To the extent Christian and Terrie Killoran have attempted to assert claims in their individual capacities, they have not alleged a violation of their own rights or an injury to themselves. Parents "do not have standing to bring individual claims based on the violation of their child's rights." Gingrich v. William Floyd Sch. Dist., No. 17-CV-3501(JS)(SIL), 2018 WL 3057719, at *6 (E.D.N.Y. June 20, 2018).

Similarly, Plaintiffs have not asserted any factual allegations related to the individual defendants. Superintendent Radday, as indicated in the deposition testimony referenced in the complaint, oversees the operations of the School District, and was the decision-maker who directed that AK be enrolled after the issue was raised in connection with the 2016-2017 administrative proceeding, notwithstanding an actual enrollment packet from the sending district not being sent until later. (Radday Dep., **Exhibit "C,"** Pg. 15). Based upon the complaint, however, it is not clear what specific conduct or decision by Mr. Radday Plaintiff is alleging was unlawful. With respect to the remaining individual defendants, they are board members who are not involved with day-to-day administration, and there are no allegations in the complaint to suggest what conduct these individual board members engaged in that Plaintiffs allege was unlawful.

**CONCLUSION**

WHEREFORE, it is respectfully requested that an Order be issued dismissing the complaint in the within action pursuant to Fed. R. Civ. P. 12(b)(6); together with such other and further relief in Defendants' favor as is deemed just, equitable, and proper.

Dated: June 23, 2021         Respectfully submitted,

Devitt Spellman Barrett, LLP

 _/s/ Scott Kreppein_____
By: Scott J. Kreppein
50 Route 111, Ste 314
Smithtown, NY 11787
(631) 724-8833